IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 20-cr-00024-DKW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582** |
| ARTHUR BRUN, | |
| Defendant. | |

Defendant Arthur Brun moves for a 50 percent reduction of his 240-month term of imprisonment pursuant to 18 U.S.C. Section 3582(c)(1)(A) and (c)(2), arguing that "extraordinary and compelling" reasons and Amendment 821 of the U.S. Sentencing Guidelines justify such a reduction ("motion"). Dkt. No. 440. For the reasons set forth below, the motion is DENIED.

Initially, it is important to note that, despite raising a smorgasbord of arguments for why his sentence should be changed, only one is properly raised under Section 3582—and that is the one brought under Amendment 821. Amendment 821, however, does not warrant a reduction in Brun's sentence because the clear language of the same makes it inapplicable to defendants, like Brun, who received an aggravating role adjustment. Brun's remaining arguments largely revolve around various shades of pre-sentencing prosecutorial misconduct. Section

3582(c)(1)(A) is not the appropriate vehicle for asserting such claims, which will therefore not be considered by the Court.

## RELEVANT PROCEDURAL BACKGROUND

On November 10, 2021, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Brun pled guilty to 10 offenses, including possession and distribution of methamphetamine, assaulting a law enforcement officer, obstruction of justice, and conspiracy to possess a firearm. Dkt. Nos. 275-276. As part of the plea agreement, the government and Brun agreed to a "binding" sentence of 180 months' imprisonment should the Court accept the agreement. Dkt. No. 276 at ¶ 4(b). At the hearing accepting Brun's plea of guilty to the charged offenses, the Court deferred accepting or rejecting the agreement, pending the preparation of a presentence investigation report (PSR). *See* Dkt. No. 275.

On March 24, 2022, at sentencing, the Court rejected the parties' plea agreement. Dkt. No. 320. In particular, the Court rejected the "binding" sentence of 180 months' imprisonment, noting, *inter alia*, the disparity between such a sentence and the U.S. Probation Office's calculation of Brun's guideline imprisonment range of 324 to 405 months. As a result, this matter was reset for trial.

However, on May 25, 2022, the parties agreed to proceed with Brun's guilty plea and sentencing, without the provision for a "binding" 180-month term of imprisonment. Dkt. No. 340. After accepting this revised guilty plea, the Court sentenced Brun to 240 months' imprisonment. Dkt. Nos. 340-341. In doing so, the Court adopted the PSR, which, among other things, stated that Brun led a methamphetamine trafficking organization on Kauaʻi while, at the same time, serving as a County Councilman. PSR at ¶ 25, Dkt. No. 332. As relevant here, the PSR found Brun responsible for 1,373 grams of "ice" (methamphetamine with purity > 80%)[1] and 4,876 grams of generic methamphetamine. *Id*. at ¶¶ 92-96. This resulted in a base offense level of 36. *Id*. at ¶ 97. The PSR then assigned Brun (1) a four-level increase to his offense level under U.S.S.G. § 3B1.1(a) for being an "organizer or leader" of a criminal activity involving five or more participants, (2) a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice, and (3) a two-level increase under U.S.S.G. § 3C1.2 also for obstruction of justice. *Id*. at ¶¶ 100-102. After reductions for Brun's acceptance of responsibility, the PSR provided for a total offense level of 41. *Id*. at ¶¶ 115-117.

---

[1] *See* U.S.S.G. § 2D1.1(c), Note (C).

3

When combined with a criminal history category of I, the PSR calculated a guideline imprisonment range of 324 to 405 months' imprisonment. *Id*. at ¶¶ 124, 160.[2]

After hearing counsels' arguments and Brun's allocution, the Court varied downward from the guideline range, imposing a total sentence of 240 months' imprisonment. Dkt. Nos. 340, 342. On May 26, 2022, Judgment entered. Dkt. No. 341. Brun did not appeal nor did he file a 28 U.S.C. Section 2255 petition.

On March 14, 2025, nearly three years later, Brun filed the instant motion for compassionate release under 18 U.S.C. Section 3582(c) ("motion"). Dkt. No. 440. Liberally construing his pro se motion, Brun appears to rely on the following matters for a sentence reduction: (1) Amendment 484 to the U.S. Sentencing Guidelines; (2) drug test results in the PSR purportedly indicating that the methamphetamine for which he was being held responsible was below 80% in purity; (3) a guideline imprisonment range that he believes should be lowered to 121 to 151 months; (4) Federal Rule of Criminal Procedure 35(a); (5) Amendment 821 to the U.S. Sentencing Guidelines; (6) administrative exhaustion; (7) "fabricated" drug purity; (8) a "ten-fold disparity" in the treatment of generic methamphetamine vs. "ice"; (9) other unidentified "extraordinary and compelling" reasons; and (10) the sentencing

---

[2]The PSR observed, however, that imprisonment for seven of Brun's ten offenses was statutorily limited to either 60 or 240 months' imprisonment. PSR at ¶ 160.

4

factors under 18 U.S.C. Section 3553(a).   Cumulatively, these matters, according to Brun, justify a reduction to an imprisonment term of 120 months.

Attached to, and relied upon in, the motion is Exhibit A, which Brun contends contains a purported "Chemical Analysis Report" of the Drug Enforcement Administration related to his case ("Report").   Dkt. No. 440-1 at 2-3.   The Report is partially redacted with all markers that might perhaps indicate the relevance (or lack thereof) of the Report to this case having been removed.   *See id*.   As a result, the Court instructed Brun to file a fully unredacted and complete version of the Report by May 29, 2025 or explain why he was unable to do so.   Dkt. No. 447.

The government opposes the motion.   Dkt. No. 442.   More specifically, the government argues that Brun has failed to show exhaustion of administrative remedies and, to the extent they can be considered, his claims are unsupported and/or meritless.   Attached to the government's opposition is "Exhibit 1", Dkt. No. 442-1, which the government describes as "the true lab reports in this case…", Dkt. No. 442 at 5.

On May 19, 2025, Brun filed an untimely reply in support of the motion. Dkt. No. 448; *see* Dkt. Nos. 441, 444 (providing Brun until May 14, 2025 to file a

5

reply).³ Therein, Brun reiterates that he has exhausted his administrative remedies, he has provided "extraordinary and compelling" reasons for a sentence reduction, and the Section 3553(a) sentencing factors weigh in favor of a reduction.

On June 2, 2025, Brun filed an untimely response to the Court's instruction related to Exhibit A.⁴ Dkt. No. 449. Therein, Brun asks to "withdraw Exhibit A" from the motion. *Id*. at 4. He further asserts that "Exhibit 1" is "the actual Chemical Analysis Reports associated to each of the Defendant's co-conspirators…." *Id*. at 2. According to Brun, those reports were "not made available" "during the plea agreement negotiations in 2021[,]" something which Brun describes as a "Due Process" violation. *Id*.

This Order now follows.

## LEGAL STANDARDS

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in 18 U.S.C. Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and

---

³Although the reply was untimely filed, because Brun is a prisoner proceeding without counsel, and the mailing documentation attached to the reply does not clearly indicate when the reply was delivered to postal (or prison) authorities, the Court has reviewed and considered the same for purposes of this Order.

⁴For the same reasons as those in footnote 3 above, the Court has reviewed and considered Brun's response for purposes of this Order.

6

compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with any relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(a)(1)(A), (2), (3).

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, among other things, it was based on a sentencing range *subsequently* lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 821, which became effective on November 1, 2023 more than a year after Brun was sentenced, decreased by two the offense level of any defendant meeting a list of ten criteria. The last of those criteria requires, *inter alia*, that a "defendant did not receive an adjustment under §3B1.1…[.]" U.S.S.G. § 4C1.1(a)(10) (2023); *United States v. Gonzalez-Loera*, 2025 WL 1215251, at *3 (9th Cir. Apr. 28, 2025).[5]

## DISCUSSION

Because the government raises the defense of administrative exhaustion, the Court first addresses the same before turning to the substantive merit, if any, of Brun's arguments. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021)

---

[5]Brun also references Amendment 484 in the motion. Dkt. No. 440 at 4. That Amendment, however, became effective in 1993, *see* https://www.ussc.gov/guidelines/amendment/484, long *before* Brun's 2022 sentencing date. The Court, therefore, does not consider the same as an argument properly brought under Section 3582(c)(2).

7

(holding that "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.").[6]

The government's exhaustion argument is well-taken. As the government observes, *see* Dkt. No. 442 at 2, the "main" argument in the motion, both in terms of length and vigor, is Brun's contention that the purity and/or amount of methamphetamine for which he was held responsible at sentencing was erroneous and/or obtained improperly. Such an argument is entirely absent from the documentation Brun attached to the motion as evidence of administrative exhaustion. *See generally* Dkt. No. 440-2 at 2-4. In other words, Brun clearly did not raise these arguments before the BOP and, thus, from any reasonable perspective failed to administratively exhaust the same.

The BOP documentation attached to the motion reflects that Brun at least mentioned some of the arguments that are raised in the motion, such as his alleged "rehabilitation". Merely mentioning a similar argument (or two), however, does not excuse the failure to raise many others relied upon in federal court. *See United*

---

[6] On its face, Section 3582(c)*(2)* does not contain an exhaustion requirement. *See generally* 18 U.S.C. § 3582(c)(2). Therefore, although the government arguably asserts that *all* of Brun's arguments are unexhausted, *see* Dkt. No. 442 at 1-3, the Court does not apply an exhaustion requirement to the one argument Brun brings under Section 3582(c)(2) concerning Amendment 821, which is discussed more fully below. Further, even if exhaustion was relevant with respect to Brun's Amendment 821 argument, the Court notes that, in an "Inmate Request to Staff", Brun at least referenced Amendment 821 when requesting a sentence reduction from the BOP. *See* Dkt. No. 440-2 at 4.

*States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (concluding that, in order to properly exhaust under Section 3582(c)(1)(A), "an inmate is required to present the same or similar ground for compassionate release in a request to the [BOP] as in a motion to the court."). Nonetheless, in light of the lack of clear guidance from the *Ninth* Circuit Court of Appeals on this issue, for purposes of this Order only, the Court will not decline to consider the relief requested in the motion on the basis of inadequate administrative exhaustion alone.

Turning to the merits, the Court first addresses Brun's argument concerning Amendment 821. As mentioned earlier, to be entitled to an offense-level reduction under Amendment 821, a defendant must satisfy ten criteria, including <u>not</u> receiving an adjustment under U.S.S.G. Section 3B1.1. Here, it cannot be disputed that Brun received an adjustment under Section 3B1.1 because he was the <u>leader or organizer</u> of the drug trafficking group at issue in this case. PSR at ¶ 100. Therefore, Brun is ineligible for an Amendment 821 adjustment, and the Court rejects this argument as a basis for a sentence reduction under Section 3582(c)(2).[7]

Brun's Section 3582(c)(1)(A) "extraordinary and compelling" reasons fare no better. None are properly brought under that statutory provision. Instead, they are

---

[7]Although failure to satisfy any *one* of the criteria listed in Amendment 821 is sufficient alone to bar relief, the Court notes that, in light of Brun's assault of a law enforcement officer in this case, which resulted in the officer suffering a sprained shoulder and visiting an emergency room after being struck by a car driven by Brun, Brun might also be ineligible by virtue of inflicting "serious bodily injury." *See* U.S.S.G. § 4C1.1(a)(4).

9

clearly all attacks on the constitutionality and/or legality of Brun's guilty plea and sentence and, thus, should have been raised on direct appeal and/or in a collateral attack under Section 2255. Specifically, fairly and liberally construed, Brun argues that (1) "waste water" should not have been considered in determining the amount of methamphetamine for which he was held responsible, (2) he believed "ice" to be a term for generic methamphetamine, (3) his base offense level should have been 32 because his case involved methamphetamine "below 80% purity", (4) he received an "illegal sentence" for the same reason, as well as due to the government "withholding…favorable evidence", presenting "false statements" to the grand jury, and "brib[ing]" a forensic chemist, (5) his sentence is "solely based upon misinformation, false statements and information of prosecutorial discretion…during the plea deal", (6) "further analysis" of the drug chemical reports in this case would show a "substance purity level of 52% +/- 3%", and (7) the existence of "dimethyl sulfone" "brings into question the reliability and accuracy" of the drug reports and, thus, his sentence. In addition, in his most recent filing, Brun contends that the government withheld "Exhibit 1" in violation of due process.

    Every one of these arguments attacks the legality of Brun's sentence and/or guilty plea, rather than presents an argument that could fairly be considered in the

realm of compassionate release under Section 3582(c)(1)(A).[8]  This is not permissible.  *See United States v. Fernandez*, 104 F.4th 420, 431 (2d Cir. 2024) (citing cases and holding that "challenges to the validity of a conviction are not cognizable as 'extraordinary and compelling reasons' under section 3582(c)(1)(A)"), *cert. granted*, __ S.Ct. __, 2025 WL 1496486 (Mem); *United States v. Wesley*, 60 F.4th 1277, 1283-84 (10th Cir. 2023) (reaching the same conclusion as to a claim of prosecutorial misconduct at sentencing).  The reason is straightforward:

> Section 2255 places explicit restrictions on the timing of a habeas petition and the permissibility of serial petitions.…If Congress had intended to permit defendants to circumvent the strictures of 28 U.S.C. § 2255 by making challenges to the validity of a conviction cognizable on a compassionate-release motion, it would surely have said so.…Compassionate release is not a channel to habeas relief or an end run around the limitations of section 2255.

*Fernandez*, 104 F.4th at 430 (brackets and citations omitted).

---

[8] In the motion, Brun arguably relies upon U.S.S.G. §1B1.13(b)(5), *i.e.*, "other reasons", as being "extraordinary and compelling."  *See* Dkt. No. 440 at 8-9.  "Other reasons", however, must be "similar in gravity" to the four stated reasons in Section 1B1.13(b), which are the medical circumstances, age, family circumstances, or abuse of the defendant.  None of the arguments raised in the motion are "similar in gravity" to these stated reasons.  Also in the motion, although not citing Section 1B1.13, Brun contends that his sentence is "unusually long", which may represent an attempt to implicate the Sentencing Commission's recent addition to "extraordinary and compelling" reasons for "unusually long sentence[s]."  *See* U.S.S.G. § 1B1.13(b)(6).  However, that provision requires a "change in the law", something which Brun does not identify as applying to him.  Nor would determining the Court's below-guidelines sentence to be "unusually long" make any sense.  Therefore, this reason for a reduction in sentence also does not properly apply here.

Further, while the Ninth Circuit Court of Appeals has not definitively ruled on this express subject in a published decision, it has provided some guidance. Specifically, in *United States v. Roper*, the Ninth Circuit held that a defendant could argue "extraordinary and compelling" reasons existed under Section 3582(c)(1)(A) based upon a "change in the law" that would have reduced his guideline imprisonment range. 72 F.4th 1097, 1100 (9th Cir. 2023). In doing so, the Ninth Circuit emphasized that the defendant "does not claim that his original sentence violated the Constitution or federal law. Nor does he seek to correct sentencing errors." *Id.* at 1102. As discussed, these are precisely the types of arguments Brun brings here: challenges to the constitutionality or legality of his sentence or guilty plea, and/or efforts to correct purported errors in how his sentence was determined. *Roper* clearly indicates that any such challenges should be brought, if at all, under Section 2255, not Section 3582(c)(1)(A). *See id.*; *see also United States v. Lillard*, 2022 WL 2167795, at *1 (9th Cir. June 16, 2022) (unpublished) (concluding that a district court did not abuse its discretion in denying a Section 3582(c)(1)(A) motion after finding that the motion was "a collateral challenge to [the defendant's] conviction and thus procedurally improper.") (quotation omitted); Dkt. No. 444 (citing cases). Accordingly, this Court finds that the referenced types of arguments

Brun relies upon are not "extraordinary and compelling" ones for purposes of Section 3582(c)(1)(A) and, thus, DENIES the motion.[9][10]

## CONCLUSION

For the reasons set forth herein, the motion for compassionate release, Dkt. No. 440, is DENIED.

IT IS SO ORDERED.

DATED: June 5, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[9] For the sake of clarity, even if Brun was allowed to collaterally challenge his guilty plea and sentence via a Section 3582(c)(1)(A) motion, the Court would still reject his purported "extraordinary and compelling" reasons for a sentence reduction here.

[10] It is, thus, unnecessary for the Court to address Brun's arguments for why the Section 3553(a) factors purportedly support a sentence reduction.