IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‛I

| UNITED STATES OF AMERICA, Plaintiff, v. ARTHUR BRUN, Defendant. | Case No. 20-cr-00024-DKW-1 <br><br> **ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO FED.R.CRIM.P 11** |
|---|---|

In the latest attempt to lessen his 240-month term of imprisonment, Defendant Arthur Brun, citing Federal Rule of Criminal Procedure 11(c)(1)(C) and 18 U.S.C. Section 3582(c)(2), appears to argue that his imprisonment term should be lowered to 180 months because the Court improperly "prolong[ed]" the rejection of a Rule 11(c)(1)(C) plea agreement in which he and the United States agreed to that term. Dkt. No. 466.

Because Brun's instant filing is frivolous, it is DENIED. First, to the extent Brun was displeased with the rejection of his Rule 11(c)(1)(C) agreement, as the Court explained to him very recently in denying an earlier motion for reduction of sentence, he should have raised such displeasure in an appeal of his sentence and/or

in a collateral/habeas motion. *See* Dkt. No. 450 at 9-13.[1] As Brun knows full well by now, he did neither of those things. Reliance on Section 3582, a transparent effort to circumvent the long-expired time limitations associated with appeals and habeas proceedings, is not the appropriate vehicle.

Second, even if Brun's argument was properly raised in the present context, it is meritless. Notably, other than conclusory and unsubstantiated assertions of constitutional violations, Brun points to nothing improper with the Court deferring consideration of the Rule 11(c)(1)(C) agreement until after preparation of a presentence investigation report (PSR). Doing so, in fact, makes sense because the PSR provides the context necessary for a sentencing judge to evaluate an otherwise binding plea agreement and determine whether it is consistent with the sentencing goals of 18 U.S.C. Section 3553(a). Moreover, doing so is expressly permitted by Rule 11(c). Fed.R.Crim.P. 11(c)(3)(A) (providing that, with respect to Rule 11(c)(1)(C) agreements, a court may "*defer* a decision until the court has reviewed the presentence report.") (emphasis added).

Accordingly, the motion, Dkt. No. 466, is DENIED.[2]

---

[1] The Court's earlier order set forth a detailed procedural background relevant to Brun's criminal proceeding, Dkt. No. 450 at 2-6, along with the legal standards for a motion such as the instant one, *id*. at 6-7,   The same are adopted herein by reference.

[2] Because it is unnecessary, the Court does not address the many other reasons the government raises for denying the motion. *See generally* Dkt. No. 468.

2

IT IS SO ORDERED.

DATED: August 21, 2025 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge